IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

JOSHUA MILLIGAN,
*by his legal guardian and conservator*, SUSAN THOMAS,

                Plaintiff,

  v.

IOWA DEPARTMENT OF HUMAN SERVICES,

              Subrogated Defendant,         ORDER
  and

ROCK ON THE RIVER, INC., SCOTT SHECKLER,      16-cv-498-jdp
JILL SHECKLER, SHECKLER MANAGEMENT, INC.,
COUNTRY ON THE RIVER, INC., ABC CORP.,
DEF CORP., GHI CORP.,
JKL INSURANCE COMPANY,
MNO INSURANCE COMPANY, and
PQR INSURANCE COMPANY,

              Defendants.

---

      While attending the music festival "Rock on the River" in Bridgeport, Wisconsin, plaintiff Joshua Milligan was assaulted and seriously injured. Milligan alleges that defendants Rock on the River, Inc., Scott Sheckler, Jill Sheckler, Sheckler Management, Inc., and Country on the River, Inc. (collectively, defendants) owned, organized, and oversaw the festival, failed to maintain a safe place, and, as a result, are responsible for Milligan's injuries. Subrogated defendant the Iowa Department of Human Services (IDHS) paid for medical care, treatment, and other services that Milligan received in connection with the underlying assault. Milligan contends that IDHS's subrogation interests, however, are subordinate to his, and he asks that those interests be "honored only after [a] determination has been made that the Plaintiff has been made whole." Dkt. 1, ¶ 4.

Milligan invokes this court's subject matter jurisdiction pursuant to 28 U.S.C. § 1332. But because the allegations in the complaint are insufficient to determine whether diversity jurisdiction actually exists, the court will direct Milligan to file an amended complaint containing the necessary allegations.

"Federal courts are courts of limited jurisdiction." *Int'l Union of Operating Eng'rs, Local 150 v. Ward*, 563 F.3d 276, 280 (7th Cir. 2009) (citation omitted). Unless the party invoking federal jurisdiction establishes complete diversity of citizenship among the parties and an amount in controversy exceeding $75,000, or raises a federal question, the court must dismiss the case for lack of jurisdiction. *Smart v. Local 702 Int'l Bhd. of Elec. Workers*, 562 F.3d 798, 802 (7th Cir. 2009). Federal courts "have an independent obligation to determine whether subject-matter jurisdiction exists, even when no party challenges it." *Hertz Corp. v. Friend*, 559 U.S. 77, 94 (2010). The party invoking federal jurisdiction bears the burden of establishing that jurisdiction is proper. *Smart*, 562 F.3d at 802-03.

Here, Milligan alleges that diversity jurisdiction exists because: (1) the amount in controversy exceeds $75,000; and (2) the parties are "completely diverse in citizenship." Dkt. 1, ¶ 1. For the latter to be true, however, Milligan cannot be a citizen of the same state as any defendant. *Smart*, 562 F.3d at 803. Milligan's allegations regarding several parties' citizenships are insufficient to allow the court to determine whether this is the case.

Milligan alleges that he and his legal guardian, Susan Thomas, reside in Iowa. But this allegation does not establish Milligan's citizenship. "Residency is meaningless for purposes of diversity jurisdiction; an individual's citizenship is determined by his or her domicile." *Lake v. Hezebicks*, No. 14-cv-143, 2014 WL 1874853, at *1 (N.D. Ind. May 9, 2014) (citing *Dakuras v. Edwards*, 312 F.3d 256, 258 (7th Cir. 2002)). Milligan also alleges that defendants Scott

2

and Jill Sheckler reside in Wisconsin. Again, residency is not the same as citizenship, and Milligan will need to amend his complaint to properly allege his and the Shecklers' respective citizenships.[1]

But Milligan may have a bigger problem than having to clarify the parties' citizenships: IDHS, the so-called "subrogated defendant," may destroy diversity. "Under the rule of complete diversity, if there are residents of the same state on both sides of a lawsuit, the suit cannot be maintained under the diversity jurisdiction even when there is also a nonresident party." *Hanover Ins. Co. v. Brandt Const. Co.*, No. 11-cv-4050, 2011 WL 6648232, at *5 (C.D. Ill. Dec. 21, 2011) (quoting *Krueger v. Cartwright*, 996 F.3d 928, 931 (7th Cir. 1993)). The court assumes that both Milligan and IDHS are citizens of Iowa.

But when determining whether complete diversity exists, the court considers only those parties "who are real and substantial parties to the controversy." *Navarro Savings Ass'n v. Lee*, 446 U.S. 458, 461 (1980); *Matchett v. Wold*, 818 F.2d 574, 576 (7th Cir. 1987) ("The addition to a lawsuit of a purely nominal party—[for example,] the holder of the stakes of the dispute between the plaintiff and the original defendant—does not affect diversity jurisdiction."). "A defendant is a nominal party if there is no reasonable basis for predicting that it will be held liable." *Vandervest v. Wis. Cent., Ltd.*, 936 F. Supp. 601, 604 (E.D. Wis. 1996). Where state law creates a separate and distinct cause of action against a party, that party is not a nominal defendant. *Id.*

---

[1] Milligan alleges that defendants Rock on the River, Inc.; Sheckler Management, Inc.; and Country on the River, Inc. are Wisconsin corporations with their principal places of business in Wisconsin. These allegations are sufficient to establish that these defendants are Wisconsin citizens; a corporation is a citizen of its state of incorporation and the state where it has its principal place of business. *Hertz*, 559 U.S. at 88.

Here, Milligan alleges that defendants are liable for the personal injuries that he sustained and the medical care that he received following the assault, and that IDHS has paid benefits to cover those expenses. Obviously Milligan does not ask the court to hold IDHS liable for his injuries. But Milligan alleges that "there may be insufficient funds from which to honor such subrogation/reimbursement claims and that the interest of the Iowa Department of Human Services is subordinate to the interests of Plaintiff, and if applicable, shall be honored only after [a] determination has been made that the Plaintiff has been made whole." Dkt. 1, ¶ 4. Based on these allegations, it is unclear whether Milligan brings a claim against IDHS (for declaratory judgment, perhaps, regarding the priority of their interests in any potential recovery). If so, then IDHS is more than a nominal defendant, which would jeopardize the court's subject matter jurisdiction over this case.

The court will direct Milligan to file an amended complaint that contains allegations sufficient to determine: (1) each party's citizenship; (2) whether Milligan brings any claims against IDHS; and (3) whether IDHS is a party in interest or a nominal party. Milligan will also have to plead an amount in controversy, which he neglected to do in his initial complaint.

ORDER

IT IS ORDERED that:

1. Plaintiff Joshua Milligan, by his legal guardian and conservator, Susan Thomas, may have until August 4, 2016, to file and serve an amended complaint containing good faith allegations sufficient to establish complete diversity of citizenship for purposes of determining subject matter jurisdiction under 28 U.S.C. § 1332.

2. Failure to timely amend will result in prompt dismissal of this matter for lack of subject matter jurisdiction.

Entered July 21, 2016.

                                      BY THE COURT:

                                      /s/

                                      _____
                                      JAMES D. PETERSON
                                      District Judge