IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

JOSHUA MILLIGAN,
*by his legal guardian and conservator*, SUSAN THOMAS,

                            Plaintiff,
    v.

IOWA DEPARTMENT OF HUMAN SERVICES,

                      Subrogated Defendant,        ORDER
    and
                                                                         16-cv-498-jdp
ROCK ON THE RIVER, INC., SCOTT SHECKLER,
JILL SHECKLER, SHECKLER MANAGEMENT, INC.,
COUNTRY ON THE RIVER, INC., ABC CORP.,
DEF CORP., GHI CORP.,
JKL INSURANCE COMPANY,
MNO INSURANCE COMPANY, and
PQR INSURANCE COMPANY,

                            Defendants.

---

On July 21, 2016, the court issued a jurisdictional order directing plaintiff Joshua Milligan to file an amended complaint that contains allegations sufficient to determine: (1) each party's citizenship; (2) whether Milligan intends to bring any claims against the Iowa Department of Human Services (IDHS); and (3) whether the IDHS is a party in interest or a nominal party. Dkt. 3. Milligan has filed an amended complaint, Dkt. 4, and it properly establishes each party's citizenship. But Milligan has not adequately justified the IDHS's presence in this case, so the court will dismiss the IDHS.

Milligan alleges that the IDHS has paid over $600,000 for his medical care following the underlying assault. *Id.* ¶ 4. In the initial complaint, Milligan named the IDHS as a "subrogated defendant." Dkt. 1. Now, in the amended complaint, Milligan names the IDHS

as an "involuntary plaintiff." Dkt. 4, ¶ 4. Milligan alleges that the IDHS is a party "solely because it may be asserting a claim for benefits paid on behalf of Joshua Milligan for medical care, treatment, and services rendered as a result of the incident(s) that is/are the subject of this case." *Id.*

At this point, it is not clear why Milligan is attempting to join the IDHS as a party to this case. He cites only the *possibility* that the IDHS will bring a future claim for benefits paid. But Milligan himself does not bring any claims against the IDHS, nor does he contend that his claims against defendants require the IDHS to be in this case. Milligan appears to be under the impression that he must join the IDHS in this case, but he does not seem to know where to put them.

Regardless, the IDHS is not an involuntary plaintiff. Under Federal Rule of Civil Procedure 19(a)(2), "[i]f a person has not been joined as required, the court must order that the person be made a party. A person who refuses to join as a plaintiff may be made either a defendant or, in a proper case, an involuntary plaintiff." It is entirely possible that the IDHS will have an interest in this case, or that it will bring a claim for benefits paid. But at this point, it is not clear that the IDHS is a *required* party, and it is not clear that the IDHS has refused to join the case. Because Milligan has not demonstrated that Rule 19 even applies, the court need not determine whether to join the IDHS as a defendant or as an involuntary plaintiff.[1] In fact, it is entirely possible that, once the IDHS has notice of this case, it may

---

[1] "The involuntary plaintiff doctrine applies only when there is a relationship between the plaintiff and the absentee such that the absentee must allow the use of its name as plaintiff to enable the extant plaintiff to secure relief. . . . [T]he doctrine is available only if the involuntary plaintiff is beyond the personal jurisdiction of the court." 4 James Wm. Moore et al., *Moore's Federal Practice* § 19.04[4][b] (3d ed. 2015); *see also Murray v. Miss. Farm Bureau Cas. Ins. Co.*, 251 F.R.D. 361, 364 (W.D. Wis. 2008) (citing cases and concluding that "[t]raditionally, a 'proper case' is one in which the involuntary plaintiff is outside the court's

voluntarily join as a plaintiff or seek to intervene in a way that best represents its role in this case.

The court will dismiss the IDHS at this time because Milligan does not allege any claims against it, because it does not allege any claims of its own, and because Milligan has not demonstrated that it is a required party. Milligan may move to rejoin the IDHS in the future, if he is able to show that it is a required party who has refused to participate in the case.

With the IDHS out of the picture for the time being, the court is satisfied that the amended complaint contains allegations sufficient to establish subject matter jurisdiction, in compliance with the court's July 21, 2016, order.

ORDER

IT IS ORDERED that:

1. Subrogated defendant the Iowa Department of Human Services is DISMISSED from the case. The clerk's office will update the caption accordingly.

2. Plaintiff Joshua Milligan's amended complaint, Dkt. 4, is otherwise accepted.

Entered August 9, 2016.

BY THE COURT:

/s/

_____
JAMES D. PETERSON
District Judge

---

jurisdiction and is under some obligation to join the plaintiff's lawsuit but has refused to do so").