IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

JOSHUA MILLIGAN,
*by his legal guardian and conservator*, Susan Thomas,

       Plaintiff,

 v.

ROCK ON THE RIVER, INC., SCOTT SHECKLER,
JILL SHECKLER, SHECKLER MANAGEMENT, INC.,
COUNTRY ON THE RIVER, INC., ABC CORP.,
DEF CORP., GHI CORP.,
JKL INSURANCE COMPANY,
MNO INSURANCE COMPANY, and
PQR INSURANCE COMPANY,           ORDER

       Defendants,           16-cv-498-jdp

 and

ROCK ON THE RIVER, INC., SCOTT SHECKLER,
JILL SHECKLER, SHECKLER MANAGEMENT, INC.,
and COUNTRY ON THE RIVER, INC.,

       Third-Party Plaintiffs,

 v.

ANTHONY WILLIAM RUNDE,

       Third-Party Defendant.

---

  While attending the "Rock on the River" music festival in Bridgeport, Wisconsin, plaintiff Joshua Milligan was assaulted and seriously injured. Plaintiff alleges that those who owned, organized, and oversaw the festival failed to maintain a safe place, and, as a result, they are responsible for Milligan's injuries. For their part, defendants have filed a third-party complaint against Anthony William Runde, the man who purportedly assaulted Milligan; defendants seek contribution and indemnification. Dkt. 17.

Now Runde has moved to stay this case pending resolution of state criminal charges against him. Dkt. 27. The State of Wisconsin has initiated criminal proceedings against Runde in the Circuit Court for Crawford County; a grand jury returned an indictment on September 9, 2016, charging Runde with first-degree intentional homicide (attempted) and aggravated battery (intent to cause great bodily harm). The criminal complaint identifies Milligan as the victim and appears to describe the same events that are at issue in this case. Runde asks the court to exercise its inherent authority to stay this case to avoid any potential interference with the criminal proceedings. Runde contends that he would be prejudiced in this suit if he asserts his Fifth Amendment rights, but that he would be prejudiced in the criminal proceedings if he does not assert them. Plaintiff opposes the motion, contending that a stay would prejudice him by delaying resolution of this case and risking the loss of evidence. The original defendants—the ones that brought Runde into the suit—have not said anything, even though their claims would be most directly affected by the stay.

Neither Runde nor plaintiff has made a particularly compelling showing one way or the other; their arguments invoke generalities only and do not drill down to any specific prejudice based on the specifics of this case.

In the absence of a particular showing of prejudice by Runde, the court will deny the stay. The court has inherent authority to stay these proceedings, if a stay were warranted. *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936). But "it is not unconstitutional to force a litigant to choose between invoking the fifth amendment in a civil case, thus risking a loss there, or answering the questions in the civil context, thus risking subsequent criminal prosecution." *Bruner Corp. v. Balogh*, 819 F. Supp. 811, 813 (E.D. Wis. 1993) (quoting *Brock v. Tolkow*, 109 F.R.D. 116, 119 (E.D.N.Y. 1985)). Runde has not given the court any

compelling reason to halt these proceedings, which primarily concern plaintiff's state-law negligence claims against the original defendants. If Runde runs into a specific, prejudicial conflict between these proceedings and his criminal prosecution as this case progresses, he is free to move for a protective order or other appropriate, targeted relief. But until a more specific showing is made, plaintiff should not have to forego resolution of this case because the state has decided to charge Runde with a crime.

### ORDER

IT IS ORDERED that:

1. Third-party defendant Anthony William Runde's motion to stay and extend time, Dkt. 27, is DENIED as to the requested stay.

2. Runde's deadline to answer or otherwise respond to the third-party complaint is extended to March 15, 2017.

Entered March 1, 2017.

BY THE COURT:

/s/

_____
JAMES D. PETERSON
District Judge