UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WISCONSIN

---

JOSHUA MILLIGAN, by his legal guardian
and conservator, SUSAN THOMAS,

        Plaintiff,

vs.                                                      Case No. 16-CV-498

ROCK ON THE RIVER, INC.,
SCOTT SHECKLER,
JILL A. SHECKLER,
SHECKLER MANAGEMENT, INC.,
COUNTRY ON THE RIVER, INC.,
ABC CORP., a fictitious company,
DEF CORP., a fictitious company,
GHI CORP., a fictitious company,
JKL INSURANCE COMPANY, a fictitious company,
MNO INSURANCE COMPANY, a fictitious company, and
PQR INSURANCE COMPANY, a fictitious company,

        Defendants,

And

ROCK ON THE RIVER, INC., SCOTT SHECKLER,
JILL SHECKLER, SHECKLER MANAGEMENT,
INC., and COUNTRY ON THE RIVER, INC.,

        Third-Party Plaintiffs,

vs.

ANTHONY WILLIAM RUNDE,

        Third-Party Defendant.

---

**PLAINTIFF, JOSHUA MILLIGAN'S FIRST SET OF INTERROGATORIES TO ALL DEFENDANTS**

---

PLEASE TAKE NOTICE that the plaintiff, Josh Milligan, by his attorneys, One Law Group, S.C, by Attorney John T. Schomisch, Jr., require the defendants to answer the following interrogatories in writing and under oath, within thirty (30) days hereof, in accordance with Rule 804.08, and to produce documents in accordance with Rule 804.09, Wis. Stats.

Answer each interrogatory separately and fully, in writing, under oath, unless it is objected to, in which event the reasons for objection must be stated in lieu of an answer.

An evasive or incomplete answer is deemed to be a failure to answer under Rule 804.12, Wis. Stats.

You are under a continuing duty to seasonably supplement your responses with respect to any question directly addressed to the identity and location of persons having knowledge of discoverable matter, and the identity of each person expected to be called as a witness. Furthermore, you are under a similar duty to correct any incorrect response when you later learn that it is incorrect.

## **DEFINITIONS**

1.    The terms "you" and "your" and "defendant" shall mean the named defendant, any officers, directors, employees, agents, attorneys and any other persons acting on behalf of the named entity or individual.

2.    The term "document(s)" means the original and any non-identical copy (which is different from the original or any copy because of notations thereto, or otherwise) of any written, printed, typewritten, handwritten, electronic, recorded, digital, graphic or photographic matter or material (however produced, reproduced or recorded), including without limitation all of the following: correspondence, notes, telegrams, memoranda, e-mail, contracts (including amendments and change orders accepted or proposed), reports, voice mail, studies, diaries, time-slips, log-books, day-books, work schedules, pamphlets, charts, maps, plans, drawings, calendars, tabulations, calculations, financial records, tax returns, audit reports, progress notes and reports, bids, quotations, estimates, bonds, invoices, drafts, working papers, work sheets, books, computer printouts, computer cards, computer tapes, audio tapes, videotapes, minutes and minute books (of any meeting of any person(s), committee or board), statements, checks, receipts, administrative regulations, journals and authoritative texts, statistical or informational accumulations or

summaries, files, photographs, microfilm or mechanical reproductions, attachments, enclosures and other materials related to or referred to in any of the foregoing and all other records of any kind in the possession and/or under the control of you or your corporate successors, predecessors, parents, subsidiaries, divisions and/or any other corporation controlled by the parent, or any officer, director, agent, employee, representative, owner, and/or attorney of any of the foregoing person(s) or entities which relate in any way whatsoever to any of the subjects referred to in the following Written Interrogatories or to any written or oral communication(s) of any kind relating to or regarding any such subject, in whole or in part. Designated documents are to include all attachments, enclosures and other documents that are attached, related to or referred to such designated documents in any way.

      3.    "Or" shall be construed disjunctively or conjunctively so as to bring within the scope of this demand for production any information which might otherwise be construed to be outside its scope.

      4.    "Identify" when used in reference to a person means state the person's full name, telephone number, current residential and business addresses, together with your relationship with them, if any, and if not presently related, a description of any previous relationship with them.

      5.    "Identify" when used in reference to a document means to state the date and author, type of document (e.g., letter, memorandum, telegram, chart, etc.), addressee or other intended recipient or audience, a summary of its contents and its present location and custodian. In the event there are documents fitting the descriptions set forth of which you are aware, which are no longer in your possession, custody or control, state the disposition and location of such documents and identify the person(s) who have or had possession, custody or control of such documents.

      6.    "Identify" when used in reference to a conversation, conference, meeting or other oral communication means to identify all persons participating or attending and to identify all documents recording, summarizing or otherwise arising from the conversation, conference, meeting or other oral communication in accordance with the definitions above. In addition, a request to identify a conversation, conference, meeting or other oral communication means to state its purpose, the subject discussed, the method of communication used (e.g., telephone, in person, or other means) and if by telephone, specify the caller and the person called, the action taken at and following it, and the date, place and purpose of such action, and to identify the person(s) taking such action.

**INSTRUCTIONS**

1. In answering these interrogatories, you are required to furnish all information that is available to you and/or your attorneys, including information in the possession of your attorneys, your employer or any other persons connected with the collision which is the subject of this lawsuit.

2. Answer each interrogatory separately and fully, in writing, under oath, unless it is objected to, in which event the reasons for objection must be stated in lieu of an answer. An evasive or incomplete answer is deemed to be a failure to comply with sec. 804.12(b), Wis. Stats.

3. You are statutorily required to seasonably supplement your answers with respect to:

(a) Any question directly addressed to the identity and location of persons having knowledge of discoverable matter;

(b) The identity of each person expected to be called as a witness;

(c) The identity of each person expected to be called as an expert witness, including the subject matter and substance of his or her testimony; and

(d) Answers which are incorrect when made or which are no longer correct.

**INTERROGATORY NO. 1**: Is there any insurance agreement which may be liable to satisfy in whole or in part any judgment which may be entered in this action or to indemnify or reimburse for payments made to satisfy such judgment? If so, state:

(1) The full and correct name of each such insurance company

(2) The insurance policy number for each company policy

(3) The maximum limit of insurance provided by each such policy

(4) The name and address of the person having custody of the policies

(5) Whether defense costs are deducted from the coverage provided

**INTERROGATORY NO. 2**: If your answer to the previous question was affirmative, is there more than one policy of insurance? If so, explain the nature of the coverage provided. In particular state as follows:

4

  (1) Which policy or policies provide primary insurance coverage and which provide additional or excess coverage?

  (2) The dollar amount of coverage for each policy?

**INTERROGATORY NO. 3**: Was this defendant an employee, stockholder, partner of any entity not named in this action at the time of treatment to plaintiff by defendant?

**INTERROGATORY NO. 4**: If your answer to the previous question was affirmative, was there an insurance agreement which might be liable to satisfy in whole or in part any judgment which may be entered in this action or to idemnify or reimburse for payments made to satisfy such judgment in the event the entity was a party to this action? If so, state:

  (1) The full and correct name of each such insurance company

  (2) The insurance policy number for each company policy

  (3) The maximum limit of insurance provided by each such policy

  (4) The name and address of the person having custody of the policies

  (5) Whether defense costs are deducted from the coverage provided

**INTERROGATORY NO. 5**: If your answer to the previous question was affirmative, is there more than one policy of insurance? If so, explain the nature of the coverage provided. In particular state as follows:

  (1) Which policy or policies provide primary insurance coverage and which provide additional or excess coverage?

  (2) The dollar amount of coverage for each policy

**INTERROGATORY NO. 6**: Has this defendant received notice from any of the above insurance companies that they reserve the right to question any aspect of the applicability of the insurance policy to the facts of this case? If so, state:

    (1) Which companies

    (2) The reasons given

**INTERROGATORY NO. 7**: Are there any insurance agreements which may or could be liable to satisfy in whole or in part any judgment which might be rendered in this matter against this defendant or to idemnify or reimburse for payments made to satisfy such judgment which have not been disclosed?

Dated this 30th day of March, 2017.

                          ONE LAW GROUP, S.C.
                          Attorneys for Plaintiff, Joshua Milligan

                          BY: _____
                              John T. Schomisch, Jr.
                              State Bar No. 1008992

<u>MAILING ADDRESS:</u>
100 W. Lawrence Street, Suite 112
Appleton, WI 54911
Telephone: (920) 330-9211
Facsimile: (920) 336-5769
E-Mail: <u>Jschomisch@onelawgroupsc.com</u>