IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

JOSHUA MILLIGAN,
*by his legal guardian and conservator, Susan Thomas*,

                Plaintiff,

v.

ROCK ON THE RIVER, INC., SCOTT SHECKLER,
JILL SHECKLER, SHECKLER MANAGEMENT, INC.,
COUNTRY ON THE RIVER, INC., ABC CORP., DEF CORP., GHI CORP.,
JKL INSURANCE COMPANY,
MNO INSURANCE COMPANY, and
PQR INSURANCE COMPANY,

                Defendants,
   and

STATE FARM FIRE AND CASUALTY COMPANY,

                Intervenor,
   and

ROCK ON THE RIVER, INC., SCOTT SHECKLER,
JILL SHECKLER, SHECKLER MANAGEMENT, INC., and COUNTRY ON THE RIVER, INC.,

                Third-Party Plaintiffs,

v.

ANTHONY WILLIAM RUNDE,

                Third-Party Defendant.

ORDER

16-cv-498-jdp

Third-party defendant Anthony William Runde has renewed his motion to stay discovery pending resolution of the criminal charges against him. Dkt. 46. The first time, the court denied Runde's motion to stay because Runde did not make a particular showing of prejudice: "Runde [had] not given the court any compelling reason to halt these proceedings[.]" Dkt. 34, at 3. The court told Runde that it would consider a targeted motion for a protective order if he "runs into a specific, prejudicial conflict between these proceedings and his criminal prosecution as this case progresses." *Id.*

Runde has not shown that he has reached such an impasse. According to Runde, defendants' discovery requests present a specific risk of prejudice because the requests seek information that the state will have to prove at Runde's criminal trial; Runde should not have to produce that information. But Runde is not necessarily required to answer defendants' discovery requests: if Runde has reason to invoke the Fifth Amendment in response to certain discovery requests, he may, without risking discovery sanctions. Runde has not shown that he cannot produce any discovery in this matter whatsoever.

Runde asks that the court stay discovery to protect his constitutional rights. But as the court previously explained, "it is not unconstitutional to force a litigant to choose between invoking the fifth amendment in a civil case, thus risking a loss there, or answering the questions in the civil context, thus risking subsequent criminal prosecution." *Bruner Corp. v. Balogh*, 819 F. Supp. 811, 813 (E.D. Wis. 1993) (quoting *Brock v. Tolkow*, 109 F.R.D. 116, 119 (E.D.N.Y. 1985)). By denying Runde's motion to stay, the court is not *requiring* Runde to vigorously defend this suit to the point of sacrificing his constitutional rights. It is requiring Runde to make choices as he answers discovery.

Milligan's support does not change anything. First, the motion is Runde's, not Milligan's. Second, the court has already rejected many of the arguments that Milligan offers in support of a stay, primarily his pitch that he's been having trouble getting information from the pending criminal case. Dkt. 42 ("There is sufficient time for everyone, including recently added parties, to prepare for summary judgment in five months and to prepare for trial in ten months, so the motion deadline and the trial date are not moving, period. . . . Plaintiff does not report when his team first attempted to obtain records from the actors in the criminal case, why his team hasn't served a Rule 45 subpoena on anyone, why the team needs these records for expert disclosures, or why they think they need until July 15, 2017 to get this done, but it is up to plaintiff's team to work all of this out in consultation with the defendants' team(s)."). Discovery in this case will continue, unimpeded, save for Runde's targeted, good-faith assertions of his Fifth Amendment rights. And so the case should continue as scheduled.

Finally, Runde's assurances that this case could pick up right where it left off in October, after his criminal trial, fall flat. The potential for appeal after the October trial means that Runde is essentially asking for an open-ended stay. As the court has already explained, this case need not grind to a halt simply because the state decided to charge Runde with a crime.

ORDER

IT IS ORDERED that third-party defendant Anthony William Runde's renewed motion for stay of discovery, Dkt. 46, is DENIED.

Entered July 21, 2017.

BY THE COURT:

/s/

_____
JAMES D. PETERSON
District Judge