IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

JOSHUA MILLIGAN,
*by his legal guardian and conservator, Susan Thomas*,

                Plaintiff,

v.

ROCK ON THE RIVER, INC., SCOTT SHECKLER,
JILL SHECKLER, SHECKLER MANAGEMENT, INC.,
COUNTRY ON THE RIVER, INC., ABC CORP.,
DEF CORP., GHI CORP.,
JKL INSURANCE COMPANY,
MNO INSURANCE COMPANY, and
PQR INSURANCE COMPANY,

                Defendants,
  and

STATE FARM FIRE AND CASUALTY COMPANY,

                Intervenor,
  and

ROCK ON THE RIVER, INC., SCOTT SHECKLER,
JILL SHECKLER, SHECKLER MANAGEMENT,
INC., and COUNTRY ON THE RIVER, INC.,

                Third-Party Plaintiffs,

v.

ANTHONY WILLIAM RUNDE,

                Third-Party Defendant.

ORDER

16-cv-498-jdp

On August 22, 2017, Magistrate Judge Stephen Crocker granted defendants' motion to amend the protective order. Dkt. 65. He determined that good cause existed for the amendment and ordered "that transcripts and exhibits from depositions of law enforcement personnel who participated in the related criminal investigation shall be treated as confidential under the protective order entered in this case." *Id.*

Now third-party defendant Anthony William Runde moves the court to reconsider that order. Dkt. 66. Rather than have the magistrate judge reconsider his decision, which could then be appealed to me, I will rule on the motion directly.

Under the newly amended protective order, certain deposition transcripts and exhibits will be confidential and filed under seal. Those depositions—of Crawford County Sheriff's Department law enforcement officers—will elicit testimony regarding an open criminal case. There is nothing unusual or untoward about the amendment on its face, especially considering the protective order already covered "information or documents that contain information provided by the Wisconsin Department of Justice" regarding the ongoing criminal investigation. Dkt. 43, at 2. (Runde acknowledges that "[t]he parties agreed that those materials would be kept confidential." Dkt. 67, at 3.)

Runde objects to the amendment for several reasons; none are compelling. First, Runde contends that defendants did not show good cause for the amendment. Not so. It is entirely appropriate to seal depositions discussing open, ongoing criminal investigations. "[L]ogically speaking, it makes sense to seal hearings where pending criminal investigations may be discussed." *United States v. Sonin*, 167 F. Supp. 3d 971, 977 n.4 (E.D. Wis. 2016). And the public does not have a sufficiently compelling interest in the depositions to overcome that logic, not when the investigation itself is not the subject of this case. Second, Runde contends that

he will be prejudiced if the transcripts are sealed because he would not be able to use the transcripts to impeach officers during his criminal trial, nor would he be able to use any inculpatory evidence that may come up. The court is not convinced. The prosecutor is duty bound under *Brady* to produce inculpatory evidence to Runde. Not surprisingly, Runde makes no showing that the officers are likely to provide testimony in Runde's criminal trial that is inconsistent with their deposition testimony here.

These depositions actually provide Runde with a benefit that most defendants in criminal cases don't get: the chance to participate in the deposition of the investigating officers before the trial. The court sees no injustice in restricting the disclosure of the transcripts beyond this case. If, through some unlikely chain of circumstances, the protective order comes to pose some injustice, the court can address those circumstances when they come to pass.

ORDER

IT IS ORDERED that third-party defendant Anthony William Runde's motion for reconsideration, Dkt. 66, is DENIED.

Entered August 23, 2017.

BY THE COURT:

/s/
_____
JAMES D. PETERSON
District Judge