IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

JOSHUA MILLIGAN, *by his legal guardian and conservator, Susan Thomas*,

      Plaintiff,

 v.

ROCK ON THE RIVER, INC., SCOTT SHECKLER,
JILL SHECKLER, SHECKLER MANAGEMENT, INC.,
COUNTRY ON THE RIVER, INC., ABC CORP.,
DEF CORP., GHI CORP.,
JKL INSURANCE COMPANY,
MNO INSURANCE COMPANY, and
PQR INSURANCE COMPANY,

      Defendants,
 and

STATE FARM FIRE AND CASUALTY COMPANY,

      Intervenor,

 and

ROCK ON THE RIVER, INC., SCOTT SHECKLER,
JILL SHECKLER, SHECKLER MANAGEMENT, INC.,
and COUNTRY ON THE RIVER, INC.,

      Third-Party Plaintiffs,

 v.

ANTHONY WILLIAM RUNDE,

      Third-Party Defendant.

ORDER

16-cv-498-jdp

---

  Plaintiff Joshua Milligan is suing defendant Rock on the River, Inc. (ROTR) and others for injuries he sustained from an assault at a music festival sponsored by ROTR. Defendants have filed a motion for summary judgment, Dkt. 87, which is ready for review. But before the

court can resolve that motion, the parties must first establish that the court has subject matter jurisdiction over the case.

Milligan relies on 28 U.S.C. § 1332, which requires diversity of citizenship between the plaintiffs and defendants and an amount in controversy greater than $75,000. The parties submitted one proposed finding of fact about jurisdiction, but the only "evidence" cited is a previous order from this court. Dkt. 129, ¶ 2. That order did not include a finding that plaintiffs had established jurisdiction; it stated only plaintiffs had adequately *alleged* jurisdiction in their amended complaint. Dkt. 6, at 3. It is well established that a party may not rely on allegations in a complaint to prove a fact on summary judgment, including facts related to jurisdiction. *Lujan v. Nat'l Wildlife Fed'n*, 497 U.S. 871, 888 (1990). It is also well established that parties cannot stipulate to jurisdiction, *Drake v. Minnesota Min. & Mfg. Co.*, 134 F.3d 878, 883 (7th Cir. 1998), so it is does not matter that the proposed fact is undisputed.

Because Milligan is the proponent of jurisdiction, it is his burden to prove that subject matter jurisdiction is present, so the court will give him an opportunity to submit admissible evidence regarding the citizenship of each party. But any other party who wishes to submit evidence is free to do so.

ORDER

IT IS ORDERED that plaintiff Joshua Milligan or any other party may have until December 15, 2017, to submit evidence showing that subject matter is present in this case. If

no party responds by that date, the court will dismiss the case for lack of jurisdiction.

Entered December 8, 2017.

BY THE COURT:

/s/
_____
JAMES D. PETERSON
District Judge